**In the Matter of James L. LEKIN.**

No. 98S00–9405–DI–404.

Supreme Court of Indiana.

March 6, 1996.

---

*AMENDED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE AND IMPOSING SANCTION*

SHEPARD, Chief Judge.

The Indiana Supreme Court Disciplinary Commission ("Commission") and the respondent, James L. Lekin, have tendered for our approval a *Statement of Circumstances and Conditional Agreement for Discipline* pursuant to Indiana Admission and Discipline Rule 23, Section 11(g).[1] In their agreement, the parties agree that a one-year suspension from the practice of law in this state is an appropriate discipline. The agreement arises out of the Commission's *Verified Complaint for Disciplinary Action,* filed on May 4, 1994, in which it alleged that the respondent violated certain provisions of the *Rules of Professional Conduct for Attorneys at Law.*

And this Court, being duly advised, now finds that the respondent was suspended from the practice of law by the Court of Appeals of Maryland for certain attorney misconduct involving the respondent in that state. Pursuant to Ind.Admission and Discipline Rule 23(2)(b), the suspension of the respondent from the practice of law by the Maryland Court constitutes sufficient grounds for disciplinary sanction in this state.[2] We find further that the respondent engaged in misconduct as charged by the Commission and that the agreed sanction is appropriate, and, accordingly, that the tendered agreement should be approved.

IT IS, THEREFORE, ORDERED that the *Statement of Circumstances and Conditional Agreement for Discipline* tendered in this case is approved.

IT IS FURTHER ORDERED that the respondent, James L. Lekin, 13816 Cripplegate Road, Phoenix, Maryland 21231, be suspended from the practice of law for a period of not less than one (1) year, beginning October 14, 1993. At the conclusion of this period of suspension, the respondent shall be eligible to petition this Court for readmission to the bar of this state, provided he meets the requirements set forth in Admis.Disc.R. 23(4).

The Clerk of this Court is directed to forward notice of this Order in accordance with Admis.Disc.R. 23(3)(d), governing disbarment and suspension.

Costs of this proceeding are assessed against the respondent.

All Justices concur.

---

1. Indiana Admission and Discipline Rule 23 was amended, effective February 1, 1996. Former subsection 11(g) is now subsection 11(c).

2. *See also* Ind.Admission and Discipline Rule 23(28), effective February 1, 1996.